# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs April 12, 2010

## CLEMENT HOMES, INC. v. BETH CHILCUTT, a/k/a BETH GORRELL

**Direct Appeal from the Chancery Court for Tipton County**
**No. 24986      Martha B. Brasfield, Chancellor**

---

**No. W2009-02277-COA-R3-CV - Filed July 16, 2010**

---

This is a breach of contract case. The trial court entered a final judgment in favor of the plaintiff but did not issue findings of fact or conclusions of law pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure. Because the trial court failed to comply with the mandatory requirements of Rule 52.01, we vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

J. Barney Witherington, IV, Covington, Tennessee, for the appellant, Beth Chilcutt.

Thomas D. Forrester, Covington, Tennessee, for the appellee, Clement Homes, Inc.

**MEMORANDUM OPINION[1]**

The plaintiff, Clement Homes, Inc. ("Builder"), filed this lawsuit to recover for an

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

alleged breach of contract.[2]  In its initial complaint, Builder alleged that the defendants, Eric
Gorrell and Beth Chilcutt ("Purchasers"), entered into a contract with the Builder to construct
a house in Atoka, Tennessee for $333,200.00.  The complaint alleged that the parties
subsequently agreed to amend the contract to remove certain improvements and reduce the
sales price to $292,900.00.  According to Builder, it fully performed under the terms of the
contract, but the defendants refused to pay at least $22,515.00 of the agreed upon
compensation.  Builder's complaint sought judgment for a sum of not less than $22,515.00
plus interest, attorney's fees, and costs.  After Builder filed its complaint, defendant Eric
Gorrell filed for Chapter 13 bankruptcy, which precluded Builder from further proceeding
against him in the present action.  *See* 11 U.S.C. § 362(a) (2006).  Builder accordingly
limited the pursuit of its action to the claim against Mr. Gorrell's fiancée and alleged co-
debtor, Beth Chilcutt.[3]

On February 2, 2009, Ms. Chilcutt filed a motion for summary judgment arguing that
she did not enter into an enforceable contract with Builder.  Ms. Chilcutt submitted that she
was not a signatory to the original contract and did not initial any of its provisions.  She
further submitted that, although she signed the amendment to the original contract, the
amendment did not incorporate the original contract by reference.  In light of these facts, Ms.
Chilcutt argued that she was entitled to summary judgment as a matter of law because she
was not a party to the original contract.  Furthermore, she argued that the amendment did not
create a separately enforceable agreement because it was not supported by adequate
consideration.

On May 14, 2009, the trial court entered a scheduling order setting both the hearing
on Ms. Chilcutt's motion for summary judgment and the final trial for July 13, 2009.  On the
date of trial, the court orally denied Ms. Chilcutt's motion for summary judgment, concluding
that genuine issues of material fact existed.  The parties thereafter proceeded to present their
proof, which included live testimony and evidentiary exhibits.  At the conclusion of trial, the
court issued a fairly extensive oral ruling in favor of Builder.  The court, however, did not
enter a written order incorporating its ruling.  Later, the court entered an order awarding
Builder attorney's fees and assessing court costs, and Ms. Chilcutt appealed.

In her brief, Ms. Chilcutt raised the following issues for our review: (1) whether the
trial court erred when it found in favor of Builder, holding that Ms. Chilcutt ratified the

---

[2]The parties' briefs suggest that Builder has changed its name to ARC Construction, Inc., which is
also reflected in the order from the Bankruptcy Court discussed herein.

[3]The record reflects that Eric Gorrell and Beth Chilcutt have since married.  We will nonetheless
continue to refer to the appellant as Ms. Chilcutt for the purposes of this appeal.

parties' original contract; (2) whether the trial court erred when it awarded Builder attorney's fees. Our review of the record and the parties' briefs, however, gave rise to several unaddressed concerns regarding the trial court's decision. We discovered that: (1) nothing in the record addressed whether Ms. Chilcutt, as a co-debtor, was entitled to the protection of a co-debtor stay, *see* 11 U.S.C. § 1301 (2006);[4] (2) the record did not contain written orders granting amendments to either the Builder's complaint or Ms. Chilcutt's answer; (3) the trial court had not memorialized its oral ruling in a final judgment; (4) the notice of appeal suggested that Ms. Chilcutt had appealed only from the order awarding attorney's

---

[4]Chapter 13 of the Bankruptcy Code provides:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, *a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor*, or that secured such debt, unless - -

> (1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or
>
> (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

(b) A creditor may present a negotiable instrument, and may give notice of dishonor of such an instrument.

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that- -

> (1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
>
> (2) the plan filed by the debtor proposes not to pay such claim; or
>
> (3) such creditor's interest would be irreparably harmed by continuation of such stay.

(d) Twenty days after the filing of a request under subsection (c)(2) of this section for relief from the stay provided by subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the debtor or any individual that is liable on such debt with the debtor files and serves upon such party in interest a written objection to the taking of the proposed action.

11 U.S.C. § 1301 (emphasis added).

fees. Consequently, this Court ordered the parties to submit supplemental briefs addressing these issues.

In response to this Court's order, the parties filed a joint motion to supplement the technical record, which this Court granted, along with the requested supplemental briefs. The supplemental materials included a written order granting the parties' respective amendments and a written order memorializing the trial court's final judgment. The supplemental briefs both included in their appendices an order from the United States Bankruptcy Court for the Western District of Tennessee lifting the co-debtor stay against Ms. Chilcutt. Our subsequent review, however, revealed an additional deficiency in the record as supplemented.

Rule 52.01 of the Tennessee Rules of Civil Procedure, as amended, requires trial courts to issue findings of fact and conclusions of law in all actions tried upon the facts without a jury. Tenn. R. Civ. P. 52.01. The amended version of Rule 52.01, which is now titled "Findings Required," became effective July 1, 2009, shortly before the court conducted a bench trial in this case. The final judgment entered in this case nevertheless states in full:

THIS CAUSE came to be heard on the 13th day of July, 2009, before the Honorable Martha Brasfield, Chancellor of the Chancery Court of Tipton County, Tennessee on the pleadings filed by the parties, their respective testimony and exhibits in this cause; and

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that: Plaintiff is awarded a judgment against the Defendant, Beth Chilcutt a/k/a Beth Gorrell, in the amount of $22,515.00 plus attorney fees and expenses in the amount of $4,858.11 for a total judgment of $27,373.11.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is responsible for the court costs in this cause.

ALL OF WHICH IS HEREBY ORDERED, ADJUDGED, AND DECREED.

Because the record does not contain a separate order issuing findings of fact and conclusions of law, we conclude that the trial court failed to comply with the mandatory requirements of Rule 52.01. We accordingly vacate and remand.

## Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand for the entry of final judgment pursuant to Rule 52.01.  Costs of this appeal are taxed to appellant, Beth Chilcutt, and her surety for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE